**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**


ELLEN SNOW                                                              Plaintiff,
6883 Arthur Hills Drive
Williamsburg, VA 23188

v.                                                                      1:19-cv-1705

TRUMP OLD POST OFFICE, LLC                                             Defendants.
60 Crossways Park Drive West, Suite 301
Woodbury, NY 11797
  *Serve*: National Registered Agents, Inc.
  1015 15th Street NW, Suite 1000
  Washington, DC 20005

TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC
1100 Pennsylvania Ave NW
Washington, DC 20004
  *Serve*: District of Columbia Department of Consumer and
Regulatory Affairs
  Business and Professional Licensing Administration
  Corporations Division
  1100 4th Street, SW, 4th Floor
  Washington, DC 20024

DJT HOLDINGS, LLC
60 Crossways Park Drive West
Woodbury, NY 11797
  *Serve*: National Registered Agents, Inc.
  1015 15th Street NW, Suite 1000
  Washington, DC 20005

DJT HOLDINGS MANAGING MEMBER, LLC
60 Crossways Park Drive West
Woodbury, NY 11797
  *Serve*: National Registered Agents, Inc.
  1015 15th Street NW, Suite 1000
  Washington, DC 20005

DJT PROPERTIES, INC.
621 G Street, SE
Washington, DC 20003
  *Serve*: RSL Agents, Inc.
  621 G Street, SE
  Washington, DC 20003

TRUMP OLD POST OFFICE MEMBER CORP
60 Crossways Park Drive West, Suite 301
Woodbury, NY 11797
  *Serve*: National Registered Agents, Inc.
  1015 15th Street NW, Suite 1000
  Washington, DC 20005

THE UNITED STATES OF AMERICA
SERVE:     Jessie K Liu
          United States Attorney for the District of Columbia
          United States Attorney's Office
          555 4th Street, NW
          Washington, DC 20530
   -and-
          Hon. William Barr
          Attorney General of the United States
          Department of Justice
          950 Pennsylvania Ave. N.W.
          Washington, DC 20530

## **COMPLAINT**

      COMES NOW Plaintiff, by and through the undersigned counsel, and hereby makes this

Complaint against the Defendants.  In support thereof, Plaintiff states as follows:

### **Parties**

    1.     Plaintiff is an individual who resides at the above address.

    2.     Defendant Trump International Hotels Management, LLC ("Defendant Trump

Hotel") is a corporation not registered to transact business, but which is believed to transact business

in the District of Columbia.

    3.     Defendant DJT Holdings, LLC ("Defendant DJT Holdings") is a corporation

registered to transact and which does transact business in the District of Columbia.

    4.     Defendant DJT Holdings Managing Member, LLC ("Defendant DJT Holdings

Members") is a corporation registered to transact and which does transact business in the District of

Columbia.

2

5.     Defendant DJT Properties, LLC ("Defendant DJT Properties") is a corporation registered to transact and which does transact business in the District of Columbia.

6.     Defendant Trump Old Post Office, LLC ("Defendant Old Post Office") is a corporation registered to transact and which does transact business in the District of Columbia.

7.     Defendant Trump Old Post Office Member Corp ("Defendant Old Post Office Member") is a corporation registered to transact and which does transact business in the District of Columbia.

8.     Defendant The United States of America ("USA") is a government entity being sued in its official capacity.

## Jurisdiction & Venue

9.     This Court has diversity jurisdiction over this matter pursuant to because there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

10.    This Court further has original jurisdiction over this matter because a claim is made against the federal government under the Federal Tort Claims Act, 28 U.S.C. § 2674.

11.    This Court is a proper venue because Defendants are alleged to have caused tortious injury in the District of Columbia. 28 U.S.C. § 1402(b).

## Timing

12.    The subject incident occurred on February 18, 2017.

13.    On August 30, 2018 (within two years of the incident in question), the Plaintiff filed a Claims for Injury Standard Form 95 ("SF-95") with the Defendant USA alleging the facts contained herein.

14.     The SF-95 was received and acknowledged by Defendant USA on September 6, 2018.

15.     This Complaint is being filed at least six months after Plaintiff filed the SF-95.

16.     Defendant USA denied this claim on March 12, 2019.  This Complaint is being filed within 6 months of such denial.

17.     This suit is, therefore, timely filed pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a).

## Statement of Facts

18.     At all times relevant to this Complaint, Defendant Trump Hotel leased, operated managed, and/or maintained the property and premises known as the Trump International Hotel, Washington D.C. ("Trump Hotel") located at 1100 Pennsylvania Avenue, NW, Washington, DC, 20004.

19.     In addition or in the alternative, at all times relevant to this Complaint, Defendant DJT Holdings leased, operated managed, and/or maintained the Trump Hotel.

20.     In addition or in the alternative, at all times relevant to this Complaint, Defendant DJT Holdings Member leased, operated managed, and/or maintained the Trump Hotel.

21.     In addition or in the alternative, at all times relevant to this Complaint, Defendant DJT Properties leased, operated managed, and/or maintained the Trump Hotel.

22.     In addition or in the alternative, at all times relevant to this Complaint, Defendant Old Post Office leased, operated managed, and/or maintained the Trump Hotel.

23.     In addition or in the alternative, at all times relevant to this Complaint, Defendant Old Post Office Member leased, operated managed, and/or maintained the Trump Hotel.

24.     In addition, at all times relevant to this Complaint, Defendant USA owned the

Trump Hotel.

25.     Prior to February 18, 2017, Defendant USA leased the property at 1100

Pennsylvania Ave., NW, Washington, DC, previously known as the Old Post Office Building, to

one or more of the other Defendants (collectively "Trump Defendants").

26.     Prior to February 18, 2017, the Trump Defendants renovated the location previously

Old Post Office Building and converted it from commercial retail space to a hotel, now known as

the Trump International Hotel Washington, D.C.

27.     Up to and including February 18, 2017, the Trump Defendants opened the Trump

Hotel to the public in operation as a hotel.

28.     On February 18, 2017, Plaintiff was lawfully on the premises of the Trump Hotel.

29.     On February 18, 2017, Plaintiff was a guest at the Trump Hotel.

30.     On the same date and time, Plaintiff followed a lit "Exit" sign to exit the Trump

Hotel.

31.     On the same date and time, Plaintiff exited through an unlocked door that led to an

exterior stair case and began to walk down the steps towards the street.

32.     On the same date and time, there was no handrail on the first set of exterior steps

leading directly from the Trump Hotel's door.

33.     On the same date and time, Plaintiff was caused to fall on the steps and was unable

to arrest or soften her fall due to the lack of handrail.

34.     As a direct and proximate cause of the fall, Plaintiff suffered personal injuries which

have caused and will continue to cause physical and mental pain and suffering and other non-

economic damages.

35.     Plaintiff further incurred medical bills.

36.     Plaintiff further suffered and continues to suffer a decreased quality of life.

37.     The above injuries were incurred without any contributory negligence on the part of the Plaintiff.

38.     Prior to February 18, 2017, Plaintiff decided to stay at the Trump Hotel because of its purported association with President Donald J. Trump.

39.     Plaintiff relied on the represented association with the President when she decided to stay at the Trump Hotel.

40.     Up to and including February 18, 2017, Plaintiff believed that the Trump Hotel had been fully renovated based on the Trump Hotel being open to the public.

41.     Up to and including February 18, 2017, Plaintiff believed that the Trump Hotel was renovated in accordance with all applicable building and/or safety codes.

42.     Plaintiff relied on these beliefs when she decided to stay at the newly-renovated Trump Hotel.

## <u>COUNT I – COMMON LAW NEGLIGENCE</u>

43.     The above paragraphs are realleged and incorporated herein by reference.

44.     At all times relevant to this Complaint, the Trump Defendants owed a duty to all persons lawfully on the premises.

45.     At all times relevant to this Complaint, Defendant USA owed a non-delegable duty to all persons lawfully on the premises.

46.     Those duties included a duty to use ordinary and reasonable care to inspect the premises for conditions which pose a danger to persons lawfully on the premises.

47.     Those duties further included a duty to warn persons lawfully on the premises of dangerous conditions of which the Defendants had actual or constructive notice.

48.     Those duties further included a duty to maintain the premises to be free from dangerous conditions of which the Defendants had active or constructive notice.

49.     Those duties further included a duty to repair dangerous conditions on the premises of which the defendant had actual or constructive notice.

50.     Those duties further included a duty to ensure that the building complied with all applicable safety codes.

51.     In violation of these duties, the Defendants allowed persons lawfully on the premises, including Plaintiff, to access and use a staircase which did not have a handrail.

52.     As a direct and proximate result of Defendants' acts/omissions, Plaintiff was caused to suffer the injuries described herein.

53.     The above injuries were sustained without any contributory negligence on the part of the Plaintiff.

## COUNT II – VIOLATION OF THE INNKEEPER'S DUTY

54.     The above paragraphs are realleged and incorporated herein by reference.

55.     At all times relevant to this Complaint the Defendants were innkeepers.

56.     At all times relevant to this Complaint, the Plaintiff was a guest at the Trump Hotel.

57.     At all times relevant to this Complaint, the Defendants were in an innkeeper-guest relationship with Plaintiff.

58.     The Defendants owed a duty as innkeepers to exercise reasonable care to protect the Plaintiff.

59.     In violation of that duty, the Defendants failed to protect the Plaintiff as described herein.

60.     As a direct and proximate result of Defendants' acts/omissions, Plaintiff was caused to suffer the injuries described herein.

61.     The above injuries were sustained without any contributory negligence on the part of the Plaintiff.

## COUNT III – NEGLIGENCE PER SE
## VIOLATION OF THE INTERNATIONAL FIRE CODE

62.     The above paragraphs are realleged and incorporated herein by reference.

63.     At all times relevant to this Complaint, the International Fire Code was in full force and effect in the District of Columbia. D.C.M.R § 12H-101H.

64.     The International Fire Code is meant to protect persons.

65.     Plaintiff is a person who was intended to be protected by the International Fire Code.

66.     The International Fire Code § 1011.11 mandates that staircases, including exterior staircases, shall have handrails on each side of the staircase.

67.     The staircase on which Plaintiff was caused to fall was an exterior staircase with greater than one riser such that a handrail was mandated by the International Fire Code.

68.     In violation of the International Fire Code, there was no handrail on the staircase where Plaintiff fell.

69.     As a direct and proximate result of Defendants' violation(s) of the International Fire Code, Plaintiff was caused to suffer the injuries described herein.

70.     The above injuries were sustained without any contributory negligence on the part of the Plaintiff.

## COUNT IV – D.C. CONSUMER PROTECTION ACT

71.     The above paragraphs are realleged and incorporated herein by reference.

72.     At all times relevant to this Complaint, the D.C. Consumer Protection Procedures Act ("CPPA") was in full force and effect.

73.     The CPPA is a remedial statute meant to protect persons within the District of Columbia from unfair and deception trade practices.

74.     Plaintiff is a person who was intended to be protected by the CPPA.

75.     Plaintiff is a consumer under the CPPA.

76.     The Trump Defendants are merchants under the CPPA

77.     Under the CPPA, merchants may not, *inter alia*, do any of the following:

        a.      Represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or qualities that they do not have;

        b.      Represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;

        c.      Misrepresent as to a material fact which has a tendency to mislead;

        d.      Fail to state a material fact if such failure tends to mislead

        e.      Use innuendo or ambiguity as to a material fact, which has a tendency to mislead.

78.     Up to and including February 18, 2017, the Trump Defendants and/or Donald J. Trump represented that the Trump Hotel had the sponsorship and/or approval of Donald J. Trump when it did not.

79.     Up to and including February 18, 2017, the Trump Defendants and/or Donald J. Trump represented that the Trump Hotel was renovated in accordance with the standards and reputation of the Trump brand when it did not.

80.     Up to and including February 18, 2017, the Trump Defendants represented that the Trump Hotel was associated with President Donald J. Trump when it was not.

81.     Up to and including February 18, 2017, the Trump Defendants misrepresented that the Trump Hotel was associated with President Donald J. Trump when it was not.

82.     Up to and including February 18, 2017, the Trump Defendants failed to state that the Trump Hotel was not associated with President Donald J. Trump when it was.

83.     Up to and including February 18, 2017, the Trump Defendants represented that the hotel had been fully renovated when it had not.

84.     Up to and including February 18, 2017, the Trump Defendants represented that the hotel had been newly renovated when it had not.

85.     Up to and including February 18, 2017, the Trump Defendants misrepresented that the hotel had been fully renovated when it had not.

86.     Up to and including February 18, 2017, the Trump Defendants misrepresented that the hotel had been newly renovated when it had not.

87.     Up to and including February 18, 2017, the Trump Defendants failed to state that the hotel had not been fully renovated.

88.     Up to and including February 18, 2017, the Trump Defendants failed to state that the hotel had not been newly renovated.

89.     Plaintiff relied on the above representations, misrepresentations, and omissions of fact when she decided to stay at the Trump Hotel as opposed to any other hotel in the DC-area.

90.     Plaintiff relied to her detriment on the above representations, misrepresentations, and omissions of fact when she decided to stay at the Trump Hotel as opposed to any other hotel in the DC-area.

91.     As a direct and proximate result of Plaintiff's detrimental reliance on the Trump Defendants' unfair and deceptive trade practices, she sustained the injuries described herein.

## COUNT V – FRAUD
### Actual or Constructive

92.     The above paragraphs are realleged and incorporated herein by reference.

93.     Up to and including February 18, 2017, the Trump Defendants and/or Donald J. Trump represented that the Trump Hotel had the sponsorship and/or approval of Donald J. Trump when it did not.

94.     Up to and including February 18, 2017, the Trump Defendants and/or Donald J. Trump represented that the Trump Hotel was renovated in accordance with the standards and reputation of the Trump brand when it did not.

95.     Up to and including February 18, 2017, the Trump Defendants represented that the Trump Hotel was associated with President Donald J. Trump when it was not.

96.     Up to and including February 18, 2017, the Trump Defendants misrepresented that the Trump Hotel was associated with President Donald J. Trump when it was not.

97.     Up to and including February 18, 2017, the Trump Defendants failed to state that the Trump Hotel was not associated with President Donald J. Trump when it was.

98.     Up to and including February 18, 2017, the Trump Defendants represented that the hotel had been fully renovated when it had not.

99.     Up to and including February 18, 2017, the Trump Defendants represented that the hotel had been newly renovated when it had not.

100.    Up to and including February 18, 2017, the Trump Defendants misrepresented that the hotel had been fully renovated when it had not.

101.    Up to and including February 18, 2017, the Trump Defendants misrepresented that the hotel had been newly renovated when it had not.

102.    Up to and including February 18, 2017, the Trump Defendants failed to state that the hotel had not been fully renovated.

103.    Up to and including February 18, 2017, the Trump Defendants failed to state that the hotel had not been newly renovated.

104.    The above representations, misrepresentations, and omissions were made through the publicity of the Trump Hotel to the general public in the form of advertising.  This includes, but is not limited to, the use of the "Trump" name and public appearances, press releases, and other public statements (including social media) where Donald J. Trump (or someone on his behalf) promoted and/or endorsed the Trump International Hotel Washington, D.C. which shares its name with him.

105.    The above representations, misrepresentations, and omissions were of material fact.

106.    The above representations, misrepresentations, and omissions were of material fact and were made knowingly or intentionally with an intent to deceive.

107.    In the alternative, the above representations, misrepresentations, and omissions were of material fact and were made innocently or negligently.

108.    Plaintiff relied on the above representations, misrepresentations, and omissions of material fact when she decided to stay at the Trump Hotel as opposed to any other hotel in the DC-area.

109.    Plaintiff relied to her detriment on the above representations, misrepresentations, and omissions of material fact when she decided to stay at the Trump Hotel as opposed to any other hotel in the DC-area.

110.    As a direct and proximate result of Plaintiff's detrimental reliance on the Trump Defendants' representations, misrepresentations, and omissions of material fact she sustained the injuries described herein.

WHEREFORE Plaintiff requests judgment in the amount of $1,000,000.00 (One Million Dollars) and costs against the Defendants, jointly and severally; punitive damages, treble damages, an injunction against the use of the unlawful trade practice(s), and reasonable attorney's fees jointly and severally against the Trump Defendants; and such further relief which this Court deems just and proper.

ELLEN SNOW

By:  /s/Tara L. Tighe
          Of Counsel

Tara L. Tighe, 1020999
Malcolm P. McConnell, III, 480605
ALLEN ALLEN ALLEN & ALLEN
50 Dunn Drive, Suite 105
Stafford, VA 22556
Telephone:     (540) 657-9222
Facsimile:     (540) 657-9522
Email:          Tara.Tighe@AllenandAllen.com
Email:          Malcolm.McConnell@AllenandAllen.com

## **Rule 38 Demand for Jury**

Pursuant to Rule 38, Plaintiff demand a trial by jury for claims against all Defendants other than the United States of America.

/s/Tara L. Tighe
Tara L. Tighe